## SEAGER v. NEW YORK & C. MAIL STEAMSHIP CO.

(Circuit Court of Appeals, Second Circuit. May 23, 1893.)

1 DEMURRAGE — DELIVERY OF CARGO—CUSTOMARY DISPATCH—WHARF FACILI-
TIES.
A charterer who is bound to furnish facilities for discharging "with
customary dispatch" is not liable for demurrage when the delay is
caused by want of space on the dock, caused solely by the ship's attempt-
ing, without orders from the charterer, to keep separate the bales belong-
ing to different consignees. 55 Fed. Rep. 324, affirmed.

2. SHIPPING — DISCHARGING CARGO — EXPENSE OF PILING — USAGE OF PORT—
CHARTER PARTY.
The custom of the port of New York, requiring a vessel discharging
hemp to pile the bales on the dock for one-half its width and the length
of the vessel, is not inconsistent with a clause of a charter party provid-
ing that "cargo shall be received and delivered alongside of the vessel
* * * within reach of her tackles," and the charterer is not liable to the
vessel for the expense of such piling. 55 Fed. Rep. 324, affirmed.

Appeal from the District Court of the United States for the South-
ern District of New York.

In Admiralty. Libel by John C. Seager against the New York
& Cuba Mail Steamship Company for demurrage and for extra
compensation for handling freight. The court below dismissed the
bill. See 55 Fed. Rep. 324, for the opinion of Judge Brown, in
which the facts are fully stated. Libelant appeals. Affirmed.

J. P. Kirlin and E. B. Convers, for appellant.

Geo. H. Balkam, for appellee.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. 1. Without expressing an opinion as to the
precise meaning to be given to the clause in this charter party pro-
viding that the vessel "discharge with customary dispatch," we con-
cur with the district judge in his conclusions that whatever delay
there was for which demurrage is claimed "arose solely from the
ship's attempt to keep separate not merely the bales belonging to
the different consignees, but the different lots of the same consignee,
according to the different marks;" that no such instructions were
given by the charterers, and that for delay consequent upon such
attempt they are not chargeable.

2. As to the claim for expense of piling, we do not think the cus-
tom of the port, which was abundantly proved, requiring the vessel
to pile the hemp on the dock for one-half its width and the length
of the vessel, is inconsistent with the printed clause of the charter
party providing that "cargo shall be received and delivered along-
side of the vessel * * * within reach of her tackles."

The decree of the district court is therefore affirmed, with costs.